Fill in this information to identify you case:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS**

| Debtor 1 | **Faris Rabah** |
|---|---|
| | First Name   Middle Name   Last Name |

| Debtor 2 (filing spouse) | **Muni Rabah** |
|---|---|
| | First Name   Middle Name   Last Name |

Case Number:   **18-40028**

**For amended plans only:**

☐ Check if this amended plan is filed prior to any confirmation hearing.

☑ Check if this amended plan is filed in response to an initial denial order or a continuance that counted as an initial denial.

List the sections which have been changed by this amended plan:
   1.4, 2.2, 2.6, 3.1, 3.2, 4.3, 5.3, 8, 10

**TXEB Local Form 3015-a**

## CHAPTER 13 PLAN

**Adopted: Dec 2017**

| **Part 1:** | **Notices** |

**To Debtor[1]:** This plan form is designed for use when seeking an initial confirmation order. It sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. **When you file this Plan, you must serve a copy of it upon each party listed on the master mailing list (matrix) of creditors as constituted by the Court on the date of service and evidence that service through a Certificate of Service affixed to this document that attaches a copy of the matrix of creditors which you served. The most current matrix in this case is available under the "Reports" tab of the CM-ECF system.**

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this Plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose any permanent treatment of your claim as outlined in this plan, you or your attorney must file an objection to confirmation of this Plan. An objection to confirmation must be filed at least **14 days** before the date set for the plan confirmation hearing. That date is listed in ¶ 9 of the *Notice of Chapter 13 Bankruptcy Case* issued in this case. The objection period may be extended to 7 days prior to the confirmation hearing under the circumstances specified in LBR 3015(f). In any event, the Court may confirm this plan without further notice if no objection to confirmation is timely filed.

Regardless of whether you are listed in the Debtor's matrix of creditors or in the Debtor's schedules, **you must timely file a proof of claim** in order to be paid under this Plan. The deadline for filing claims is listed in ¶ 8 of the *Notice of Chapter 13 Bankruptcy Case* issued in this case. Disbursements on allowed claims will begin on the Trustee's next scheduled distribution date after the Effective Date of the Plan. See § 9.1.

*The Debtor must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the Plan.*

| 1.1 | A limit on the amount of an allowed secured claim through a final determination of the value of property constituting collateral for such claim, as set forth in § 3.10 of this Plan, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or a nonpossessory, nonpurchase-money security interest, as set forth in § 3.9 of this Plan. | ☐ Included | ☑ Not Included |
| 1.3 | Potential termination and removal of lien based upon alleged unsecured | ☐ Included | ☑ Not Included |

---

[1] The use of the singular term "Debtor" in this Plan includes both debtors when the case has been initiated by the filing of a joint petition by spouses.

Debtor **Faris Rabah**
**Muni Rabah** Case number **18-40028**

| | | | |
|---|---|---|---|
| | status of claim of lienholder, as set forth in § 3.11 of this Plan. | | |
| 1.4 | Nonstandard provisions as set forth in Part 8. | ☑ Included | ☐ Not Included |

### Part 2: Plan Payments and Length of Plan

**2.1** The applicable commitment period for the Debtor is **36** months.

**2.2** **Payment Schedule.**

Unless the Court orders otherwise, beginning on the 30th day after the Petition Date[2] or the entry date of any order converting this case to Chapter 13, whichever is later, the Debtor will make regular payments to the Trustee throughout the applicable commitment period and for such additional time as may be necessary to make the payments to claimants specified in Parts 3 through 5 of this Plan (the "**Plan Term**"). The payment schedule shall consist of:

☐ **Constant Payments:** The Debtor will pay $_____ per month for _____ months.

☑ **Variable Payments:** The Debtor will make variable plan payments throughout the Plan Term. The proposed schedule for such variable payments are set forth in **Exhibit A** to this Order and are incorporated herein for all purposes.

**2.3** **Mode of Payment.** Regular payments to the Trustee will be made from future income in the following manner: [*Check one*]

☐ Debtor will make payments pursuant to a wage withholding order directed to an employer.

☑ Debtor will make electronic payments through the Trustee's authorized online payment system.

☐ Debtor will make payments by money order or cashier's check upon written authority of the Trustee.

☐ Debtor will make payments by other direct means only as authorized by motion and separate court order.

**2.4** **Income tax refunds.**

In addition to the regular monthly payments to the Trustee, and in the absence of a court order to the contrary, the Debtor is required to:

(1) supply a copy of each federal income tax return, including all supporting schedules, filed during the Plan Term to the Trustee within 14 days of filing the return; and

(2) remit to the Trustee within 14 days of receipt all federal income tax refunds received by each Debtor during the plan term which will be added to the plan base; provided, however, that the Debtor may retain from each such refund up to $2,000.00 in the aggregate on an annual basis if the Debtor is current on the payment obligations to the Trustee under this Plan at the time of the receipt of such tax refund.

The Debtor hereby authorizes the Trustee to endorse any federal income tax refund check made payable to the Debtor during the plan term.

**2.5** **Additional payments.** [*Check one*]
☑ **None.** *If "None" is checked, the rest of § 2.5 need not be completed.*

**2.6** **Plan Base.**

The total amount due and owing to the Trustee under §§ 2.2 and 2.5 is **$85,500.00** which, when combined with any income tax refunds due to the Trustee under § 2.4, any litigation proceeds due to the Trustee under § 9.3, and any other funds received by the Trustee on the Debtor's behalf during the Plan Term, constitutes the "**Plan Base**."

### Part 3: Treatment of Secured Claims

**3.1** **Post-Petition Home Mortgage Payments.** [*Check one*]

☐ **No Home Mortgage.** *If "No Mortgage" is checked, the remainder of § 3.1 need not be completed.*

☐ **Home Mortgage Maturing Before or During Plan Term.** *If "Mortgage Maturing" is checked, the claim will be addressed in § 3.4. The remainder of § 3.1 need not be completed.*

☑ **Direct Home Mortgage Payments by Debtor Required.**

On the Petition Date[2], the Debtor owed the following claims secured only by a security interest in real property that is the Debtor's principal residence. The listed monthly payment amount is correct as of the Petition Date. Such mortgage claims

---

[2] The use of the term "Petition Date" in this Plan refers to the date that the Debtor filed the voluntary petition in this case.

| Debtor | **Faris Rabah** | | |
|---|---|---|---|
| | **Muni Rabah** | Case number | **18-40028** |

(other than related Cure Claims addressed in § 3.2), shall be paid directly by the Debtor in accordance with the pre-petition contract, including any rate changes or other modifications required by such documents and noticed in conformity with any applicable rules, as such payments become due during the Plan Term. The fulfillment of this requirement is critical to the Debtor's reorganization effort. **Any failure by the Debtor to maintain payments to a mortgage creditor during the Plan Term may preclude confirmation of this Plan and, absent a subsequent surrender of the mortgage premises, may preclude the issuance of any discharge order to the Debtor under § 1328(a)[3]**. The Trustee will monitor the Debtor's fulfillment of this direct payment obligation ("DPO").

| Mortgage Lienholder | Property Address | Monthly Payment Amount by Debtor | Due Date of Monthly Payment |
|---|---|---|---|
| 1. **Rushmore Loan Managment/MTGLQ** | **2511 Buckingham Dr Rockwall, TX 75032 Rockwall County** | $1,912.**00** Amount inc: ☑ Tax Escrow ☐ Insurance Escrow ☐ Other | 1st |

**3.2   Curing Defaults and Maintenance of Direct Payment Obligations.** [*Check one*]

☐ **None.** *If "None" is checked, the remainder of § 3.2 need not be completed.*

☑ **Cure Claims.** On the Petition Date, the Debtor was delinquent on payments to satisfy certain secured claims or upon obligations arising under an executory contract or an unexpired lease that the Debtor has elected to assume under § 6.1 of this Plan. While remaining current on all direct payment obligations (future installment payments) as each comes due under the applicable contractual documents during the plan term (a "DPO"), the Debtor shall cure all such delinquencies through the Plan as listed below (a "Cure Claim"). Each listed claim constitutes a separate class. The total amount of each allowed Cure Claim will be paid in full by the Trustee. The Trustee is authorized to initiate monthly payments on an interim basis based upon the projected amount of each Cure Claim listed below until such time as the allowed amount of each Cure Claim is established by the filing of a proof of claim in accordance with the Bankruptcy Rules. The amount listed in that proof of claim, or the final determination by the Court of any objection thereto, shall control over any projected Cure Claim amount listed below. No interest will be paid on any Cure Claim in the absence of documentary proof that the applicable contractual documents entitle the claimant to receive interest on unpaid interest.

If the automatic stay is terminated as to the property for which a Cure Claim exists at any time during the Plan Term, the next distribution by the Trustee on such Cure Claim shall be escrowed pending any possible reconsideration of the stay termination. If the stay termination is reversed by agreement or by court order, then the single escrowed distribution shall be released to the holder of the Cure Claim and regular distributions on that Cure Claim shall be reinstituted. In the event that the stay termination remains in effect on the second distribution date after the stay termination, the escrowed funds shall be released for distribution to other classes under this Plan and the Cure Claim shall thereafter be addressed solely under applicable state law procedures and will no longer be treated by the Plan. The completion of payments contemplated in this subsection constitutes a cure of all defaults of the Debtor's obligation to each listed claimant.

| Claimant | Collateral/Property/Contract Description | Debtor's DPO Amount | Projected Cure Claim Amount | Plan Interest Rate | Projected Monthly Payment by Trustee | Projected Total Cure Payment by Trustee |
|---|---|---|---|---|---|---|
| | | | | | | |

---

[3] All statutory references contained in this Plan refer to the Bankruptcy Code, located in Title 11, United States Code.

Debtor **Faris Rabah**
**Muni Rabah** Case number **18-40028**

| Claimant | Collateral/Property/Contract Description | Debtor's DPO Amount | Projected Cure Claim Amount | Plan Interest Rate | Projected Monthly Payment by Trustee | Projected Total Cure Payment by Trustee |
|---|---|---|---|---|---|---|
| 1. **Rushmore Loan Managment/MTGLQ** ☐ Debt Maturing During Plan Term. ☑ Debt Maturing After Completion of Plan Term. ☐ Curing Assumed Executory Contract or Lease Obligation Pursuant to § 6.1. | **2511 Buckingham Dr Rockwall, TX 75032  Rockwall County** | $1,912.00 | $31,149.27 | 0.00% | pro rata | $31,149.27 |
| 2. **Wellington Ridge HOA** ☐ Debt Maturing During Plan Term. ☐ Debt Maturing After Completion of Plan Term. ☐ Curing Assumed Executory Contract or Lease Obligation Pursuant to § 6.1. | **2511 Buckingham Dr Rockwall, TX 75032  Rockwall County** | n/a | $3,353.76 | 0.00% | pro rata | $3,353.76 |

**3.3** **Secured Claims Protected From § 506 Bifurcation.** [*Check one*]

☐ **None.** *If "None" is checked, the remainder of § 3.3 need not be completed.*

☑ **910 Claims.** The claims listed below were either:

(1) incurred within 910 days before the Petition Date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or

(2) incurred within 1 year of the Petition Date and secured by a purchase money security interest in any other thing of value, and are thus statutorily protected from bifurcation under § 506(a) based on collateral value (a "910 Claim").

Based upon the Debtor's election to retain certain personal property that serves as collateral for a 910 Claim, adequate protection payments in an initial amount calculated pursuant to LBR 3015(c)(1) shall be paid by the Debtor to the Trustee beginning in Month 1 of the Plan for the benefit of holders of allowed 910 Claims secured by personal property as authorized by § 1326(a)(1)(C) and LBR 3015(c).  Such payments shall be held by the Trustee solely for the benefit of the affected secured creditor to the absolute exclusion of the Debtor and all other parties and shall be tendered by the Trustee at the earliest practicable time to holders of allowed 910 Claims secured by personal property as listed below, notwithstanding any failure by the Debtor to achieve confirmation of this Chapter 13 plan.  Adequate protection payments to be distributed by the Trustee are subject to the availability of funds and the Trustee is authorized to make *pro rata* payments if available funds are insufficient to pay all adequate protection payments otherwise due. Such adequate protection payments to each affected secured claimant shall continue on a monthly basis until the month in which equal monthly payments are initiated to such claimant under the Plan.

Each 910 Claim constitutes a separate class. Each 910 Claim will be paid in full by the Trustee with post-confirmation interest accruing from the Effective Date of the Plan at the plan rate stated below.  Upon confirmation of this Plan, the Trustee is authorized to initiate monthly payments on an interim basis based upon the projected amount of each 910 Claim listed below until such time as the allowed amount of each 910 Claim is established by the filing of a proof of claim in accordance with the Bankruptcy Rules. The amount listed in that proof of claim, or the final determination by the Court of any objection thereto, shall control over any projected 910 Claim amount.

Debtor   **Faris Rabah**
**Muni Rabah**                                                                                                           Case number   **18-40028**

If the automatic stay is terminated as to property securing a 910 Claim treated under this subsection at any time during the Plan Term, the next distribution by the Trustee on such 910 Claim shall be escrowed pending any possible reconsideration of the stay termination. If the stay termination is reversed by agreement or by court order, then the single escrowed distribution shall be released to the holder of the 910 Claim and regular distributions on that 910 Claim shall be reinstituted. In the event that the stay termination remains in effect on the second distribution date after the stay termination, the escrowed funds shall be released for distribution to other classes under this Plan and the 910 Claim shall thereafter be addressed solely under applicable state law procedures and will no longer be treated by the Plan.

| Claimant | Collateral Description | Adequate Protection Payment | 910 Claim Amount | Plan Interest Rate | Equal Monthly Payment by Trustee | Projected Total Payment by Trustee |
|---|---|---|---|---|---|---|
| 1. **GCF Lending** | **2013 Buick Enclave 52850 miles** | $285.00 Month 1 through 5 | $27,543.73 | 5.25% | $595.01 | $31,535.75 |

**3.4**  **Secured Claims Subject to § 506 Bifurcation.** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 3.4 need not be completed.*

**3.5**  **Direct Payment of Secured Claims Not in Default.** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 3.5 need not be completed.*

**3.6**  **Surrender of Property.** [*Check one*]

☐ **None.** *If "None" is checked, the remainder of § 3.6 need not be completed.*

☑ **Surrender of Collateral and Related Stay Relief.**  The Debtor surrenders to each claimant listed below the property that secures that creditor's claim and requests that, upon confirmation of this plan, the automatic stay under § 362(a) be terminated as to the referenced collateral only and any co-debtor stay under § 1301 be terminated in all respects. The affected claimant shall have **ninety (90) days after the Effective Date of the Plan** to file a proof of claim, or an amended claim, regarding recovery of any deficiency balance from the Estate resulting from the disposition of the collateral. Any such allowed general unsecured claim will thereafter be treated in Part 5 below.

| Claimant | Collateral Description | Collateral Location |
|---|---|---|
| 1. **Conns Credit Corp** | **Household Items** | |
| 2. **Conns Credit Corp** | **Household Items** | |

*Insert additional claims as needed.*

**3.7**  **Lien Retention.**

The holder of a lien securing payment of a claim addressed in §§ 3.1 or 3.2 of this Plan shall retain its lien until the indebtedness secured by such lien is totally satisfied as determined under applicable non-bankruptcy law.  The holder of a lien securing payment of any other allowed secured claim that is governed by this Plan shall retain its lien until the earlier of: (1) the total satisfaction of the indebtedness secured by the lien as determined under applicable non-bankruptcy law; or (2) the entry of a discharge order in favor of the Debtor under § 1328(a).  In each instance, the provisions of this subsection may be superseded by a subsequent order of the Court.

**3.8**  **Maintenance of Insurance and Post-Petition Taxes Upon Retained Collateral.**

For all property that secures the payment of an indebtedness and which is proposed to be retained by the Debtor under this Plan, the Debtor must maintain insurance coverage as required either by the applicable contractual documents governing the indebtedness or as may be directed by the Trustee. The Debtor must also pay all *ad valorem* taxes on property proposed to be retained by the Debtor under this Plan as they come due in the post-petition period.  Such payment shall be tendered to the appropriate taxing authorities in accordance with applicable non-bankruptcy law on or before the last date on which such taxes may be paid without penalty.

**3.9**  **Lien Avoidance.** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 3.9 need not be completed.*

Debtor  **Faris Rabah**
**Muni Rabah**                                                                                                     Case number   __18-40028__

**3.10**   **Rule 3012 Valuation of Collateral.**  [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 3.10 need not be completed.*

**3.11**   **Lien Removal Based Upon Unsecured Status.**  [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 3.11 need not be completed.*

### Part 4:  Treatment of Administrative Expenses, DSO Claims and Other Priority Claims

**4.1**   **General**

All allowed priority claims, other than those particular domestic support obligations treated in § 4.5, will be paid in full without post-confirmation interest. Where applicable, the Trustee is authorized to initiate monthly payments on an interim basis based upon the projected amount of each priority claim listed below until such time as the allowed amount of each priority claim is established by the filing of a proof of claim in accordance with the Bankruptcy Rules. The amount listed in that proof of claim, or the final determination by the Court of any objection thereto, shall control over any projected priority claim amount listed below.

**4.2**   **Trustee's Fees.**

The Trustee's fees are fixed by the United States Trustee pursuant to the provisions of 28 U.S.C. § 586(e)(2) and, pursuant thereto, shall be promptly collected and paid from all plan payments received by the Trustee.

**4.3**   **Attorney's Fees.**

The total amount of attorney's fees requested by the Debtor's attorney in this case is **$4,500.00**. The amount of **$124.00** was paid to the Debtor's attorney prior to the Petition Date. The allowed balance of attorney's fees will be paid by the Trustee from the remaining available funds after the payment of required adequate protection payments pursuant to §§ 3.3 and 3.4 of this Plan.

The allowed balance of attorney's fees to be awarded to the Debtor's attorney in this case shall be determined by:

☑ LBR 2016(h)(1); ☐ by submission of a formal fee application.

**LBR 2016(h)(1)**: If the attorney's fee award is determined by the benchmark amounts authorized by LBR 2016(h), the total fee shall be the amount designated in LBR 2016(h)(1)(A) unless a certification is filed by the Debtor's attorney regarding the rendition of legal services pertaining to automatic stay litigation occurring during the Benchmark Fee Period outlined in that rule. The Trustee is authorized to make the benchmark fee calculation and to recognize the proper enhancement or reduction of the benchmark amount in this case without the necessity of court order. No business case supplement to the benchmark fee shall be recognized unless a business case designation is granted on or before initial confirmation of the Plan.

**Fee Application**: If attorney's fee award is determined by the formal fee application process, such fee application shall be filed **no later than 30 days after the expiration of the Benchmark Fee Period** outlined in LBR 2016(h)(1). If no application is filed within that period, the determination of the allowed amount of attorney's fees to the Debtor's attorney shall revert to the benchmark amounts authorized by LBR 2016(h)(1) without the necessity of any further motion, notice or hearing and the Trustee shall adjust any distributions in this class accordingly.

**4.4**   **Priority Claims: Domestic Support Obligations ("DSO").** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 4.4 need not be completed.*

**4.5**   **Priority Claims:  DSO Assigned/Owed to Governmental Unit and Paid Less Than Full Amount.** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 4.5 need not be completed.*

**4.6**   **Priority Claims: Taxes and Other Priority Claims Excluding Attorney's Fees and DSO Claims.**  [*Check one*].

☑ **None.** *If "None" is checked, the remainder of § 4.6 need not be completed.*

### Part 5:  Treatment of Nonpriority Unsecured Claims

**5.1**   **Specially Classed Unsecured Claims.**  [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 5.1 need not be completed.*

Debtor   **Faris Rabah**
**Muni Rabah**                                                                                                   Case number   __18-40028__

### 5.2 General Unsecured Claims.

Allowed nonpriority unsecured claims shall comprise a single class of creditors and will be paid:

☐ **100% + Interest at 0.00%;**

☐ **100% + Interest at 0.00% with no future modifications to treatment under this subsection;**

**X** *Pro Rata* **Share:** of all funds remaining after payment of all secured, priority, and specially classified unsecured claims.

### 5.3 Liquidation Analysis: Unsecured Claims Under Parts 4 & 5.

If the bankruptcy estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code, the holders of priority unsecured claims under Part 4 of this Plan and the holders of nonpriority unsecured claims under Part 5 of this Plan would be paid an aggregate sum of approximately **$5,795.27**. Regardless of the particular payment treatments elected under Parts 4 and 5 of this Plan, the aggregate amount of payments which will be paid to the holders of allowed unsecured claims under this Plan will be equivalent to or greater than this amount.

## Part 6:   Executory Contracts and Unexpired Leases

**6.1 General Rule – Rejection.** The executory contracts and unexpired leases of the Debtor listed below are **ASSUMED** and will be treated as specified in § 3.2 of the Plan. All other executory contracts and unexpired leases of the Debtor are **REJECTED**. [*Check one*.]

☑ **None.** *If "None" is checked, the remainder of § 6.1 need not be completed.*

## Part 7:   Vesting of Property of the Estate

**7.1** Property of the estate will vest in the Debtor only upon the entry of an order for discharge pursuant to § 1328, in the absence of a court order to the contrary.

## Part 8:   Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed.*

Under Bankruptcy Rule 3015(c), nonstandard provisions **must** be set forth below. A nonstandard provision is a provision not otherwise included in the Official TXEB Form or any deviation from it. *Any nonstandard provision set out elsewhere in this Plan is void. Even if set forth below, any nonstandard provision is void **unless the "Included" box is checked in § 1.4 of this Plan**.*
**Incurring debt**

**Debtor(s) may not incur any post-petition debt, except upon written approval of the Trustee as follows:**
**" For purchase of a car: limit of $20,000.00 financed with monthly payment not to exceed $500.00**
**" For purchase of a home: limit of $250,000.00 financed with total monthly payment including taxes and insurance not to exceed $2,500.00**
**" Debtor(s) must be current on plan payments and provide an amended budget that includes the proposed payment and updated income information.**
**" The Trustee cannot approve any request that exceeds the current budget expenditure for the proposed debt or expense.**
**Debtor(s) must file a motion to incur debt if the request does not fall within the guidelines as stated above.**

## Part 9:   Miscellaneous Provisions

**9.1 Effective Date.** The effective date of this Plan shall be the date upon which the order confirming this Plan becomes a final, nonappealable order.

**9.2 Plan Disbursement Order.** Unless the Court orders otherwise, disbursements by the Trustee under this Plan shall occur in the following order: **(1)** Trustee's fees under § 4.2 upon receipt; **(2)** adequate protection payments under §§ 3.3 and 3.4; **(3)** allowed attorney fees under § 4.3; **(4)** secured claims under §§ 3.2, 3.3 and 3.4 concurrently; **(5)** DSO priority claims under §§ 4.4 and 4.5 concurrently; **(6)** non-DSO priority claims under § 4.6; **(7)** specially classed unsecured claims under § 5.1; and **(8)** general unsecured claims under § 5.2.

**9.3 Litigation Proceeds.** No settlement of any litigation prosecuted by the Debtor during the Plan Term shall be consummated without the consent of the Chapter 13 Trustee and, except as otherwise authorized by the Trustee, all funds received by the Debtor, or any attorney for the Debtor, shall be immediately tendered to the Chapter 13 Trustee for satisfaction of any

Debtor   **Faris Rabah**
**Muni Rabah**                                                                                           Case number   **18-40028**

authorized exemption claim of the Debtor, with the remainder of the funds dedicated as an additional component of the plan base.

**Part 10:       Signatures**

/s/ Greg R Arnove                               Date   **July 18, 2018**
Greg R Arnove 00783562
Signature of Attorney for Debtor(s)

Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)

*By filing this document, the attorney for the Debtor or any self-represented Debtor certifies to the Court that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in TXEB Local Form 3015-a, other than any nonstandard provisions included in Part 8, and that the foregoing proposed Plan contains no nonstandard provisions other than those included in Part 8.*

**Part 11:       Certificate of Service to Matrix as Currently Constituted by the Court**

**Exhibit A**

The debtor will pay **$895.00** for first **7** month(s),
**$1,495.00** each month for next **53** month(s)

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| IN RE:  FARIS RABAH<br>        MUNI RABAH | CASE NO: 18-40028<br>**DECLARATION OF MAILING**<br>**CERTIFICATE OF SERVICE**<br>Chapter: 13 |

On 7/18/2018, I did cause a copy of the following documents, described below,

CHAPTER 13 PLAN

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 7/18/2018

/s/ Greg R Arnove
Greg R Arnove  00783562
Collins & Arnove
555 Republic Drive, Suite 200
Plano, TX  75074
972 516 4255

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| IN RE:  FARIS RABAH<br>MUNI RABAH | CASE NO: 18-40028<br>**CERTIFICATE OF SERVICE**<br>**DECLARATION OF MAILING**<br>Chapter: 13 |

On 7/18/2018, a copy of the following documents, described below,

CHAPTER 13 PLAN

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document (s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 7/18/2018

Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Greg R Arnove
Collins & Arnove
555 Republic Drive, Suite 200
Plano, TX  75074

```
PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

CASE INFO                            ARS ACCOUNT RESOLUTION              ALLIANCE ONE
LABEL MATRIX FOR LOCAL NOTICING      1801 NW 66TH AVE                    6160 MISSION GORGE RD
05404                                SUITE 200                           SUITE 300
CASE 18-40028                        PLANTATION FL 33313-4571            SAN DIEGO CA 92120-3449
EASTERN DISTRICT OF TEXAS
SHERMAN
WED JUL 18 10-33-42 CDT 2018


ALLIED INTERNATINAL CREDIT CORP      AMERICAN CORADIUS INTERNATIONAL LLC  AMERICAN MEDICAL COLLECTION AGENCY
6800 PARAGON PLACE SUITE 400         2420 SWEET HOME ROAD                4 WESTCHESTER PLAZA
RICHMOND VA 23230-1654               SUITE 150                           SUITE 110
                                     AMHERST NY 14228-2244               ELMSFORD NY 10523-1615


EXCLUDE                              BAYLOR SCOTT   WHITE                CBE GROUP
GREG R ARNOVE                        PO BOX 830913                       1309 TECHNOLOGY PKWY
555 REPUBLIC DRIVE                   BIRMINGHAM AL 35283-0913            CEDAR FALLS IA 50613-6976
SUITE 200
PLANO TX 75074-5469


JOHN ROBERT CALLISON                 CAPITAL 1 BANK                      CAPITAL BANK
BARRETT DAFFIN FRAPPIER ET AL        ATTN GENERAL CORRESPONDENCE         1 CHURCH ST
4004 BELT LINE ROAD STE 100          PO BOX 30285                        ROCKVILLE MD 20850-4190
ADDISON TX 75001-4320                SALT LAKE CITY UT 84130-0285


CARMAX AUTO FINANCE                  CARVANA LLC                         CENTRAL FINANCIAL CONTROL
2040 THALBRO ST                      PO BOX 29018                        ATTN BANKRUPTCY
RICHMOND VA 23230-3200               PHOENIX AZ 85038-9018                PO BOX 66044
                                                                         ANAHEIM CA 92816-6044


CENTRAL FINANCIAL CONTROL            CHASE                               CHASE
PO BOX 830913                        3415 VISION DRIVE                   PO BOX 183166
BIRMINGHAM AL 35283-0913             COLUMBUS OH 43219-6009              COLUMBUS OH 43218-3166


CLINICAL PATHOLOGY LABORATORIES INC  CODILIS   STAWIARSKI PC             EXCLUDE
PO BOX 141669                        650 N SAM HOUSTON PKWY EAST         WILLIAM J COLLINS
AUSTIN TX 78714-1669                 SUITE 450                           COLLINS   ARNOVE
                                     HOUSTON TX 77060-5908               555 REPUBLIC DR SUITE 200
                                                                         PLANO TX 75074-5469


EXCLUDE                              CONN APPLIANCES INC                 CONNS CREDIT CORP
COLLINS   ARNOVE                     CO BECKET AND LEE LLP               3295 COLLEGE ST
555 REPUBLIC DR                      PO BOX 3002                         BEAUMONT TX 77701-4611
SUITE 200                            MALVERN PA 19355-0702
PLANO TX 75074-5469


CONVERGENT OUTSOURCING               CREDIT MANAGEMENT LP                CREDIT PROTECTION ASSOCATION
800 SW 39TH ST                       4200 INTERNATIONAL PKWY             PO BOX 802068
RENTON WA 98057-4975                 CARROLLTON TX 75007-1912            DALLAS TX 75380-2068
```

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

```
CREDIT SYSTEMS INTERNATIONAL        DAVID W RITTER MD                   ABBEY U DREHER
PO BOX 1088                         PO BOX 127                          BARRETT DAFFIN FRAPPIER TURNER  ENGEL
ARLINGTON TX 76004-1088             ROCKWALL TX 75087-0127              4004 BELTLINE ROAD SUITE 100
                                                                        ADDISON TX 75001-4320




EGS FINANCIAL CARE                  CAREY D EBERT                       FIVE POINT URGENT CARE
400 HORSHAM RD SUITE 130            P O BOX 941166                      PO BOX 98614
HORSHAM PA 19044-2147               PLANO TX 75094-1166                 LAS VEGAS NV 89193-8614




GC SERVICES                         GFC LENDING LLC                     GO FINANCIAL
6330 GULFTON                        PO BOX 29018                        PO BOX 52526
HOUSTON TX 77081-1198               PHOENIX AZ 85038-9018               PHOENIX AZ 85072-2526




GREATER SA ER PHYSICIANS            GREEN MOUNTAIN ENERGY               HSBC
PO BOX 1221                         PO BOX 650001                       ATTN BANKRUPTCY
SAN ANTONIO TX 78294-1221           DALLAS TX 75265-0001                PO BOX 5213
                                                                        CAROL STREAM IL 60197-5213




HUGHES WATTERS  ASKANASE            IPP OF AMERICAN                     JG LANDSCPAES
333 CLAY ST 2900                    330 PASSAIC AVE                     PO BOX 2343
HOUSTON TX 77002-4168               FAIRFIELD NJ 07004-2009             ROCKWALL TX 75087-7843




JEFFERSON CAPITAL SYSTEMS LLC       LAKE POINTE MEDICAL CENTER          LAKEWOOD ORTHOPEDICS AND SPORTS
PO BOX 7999                         PO BOX 890913                       MEDICINE
SAINT CLOUD MN 56302-7999           BIRMINGHAM AL 35283                 1130 BEACHVIEW DRIVE
                                                                        SUITE 100
                                                                        DALLAS TX 75218-3702




LINEBARGER GOGGAN BLAIR  SAMPSON    LOUISANA DEPARTMENT OF REVENUE      MAC GROUP
2777 N STEMMONS FREEWAY             PO BOX 4998                         17130 DALLAS PKWY 220
SUITE 1000                          BATON ROUGE LA 70821-4998           DALLAS TX 75248-1182
DALLAS TX 75207-2328




MTGLQ INVESTORS LP                  MTGLQ INVESTORS LP                  MCCARTHY BURGESS  WOLFF
CO BDFTE LLP                        CO RUSHMORE LOAN MANAGEMENT SERVICES 26000 CANNON RD
4004 BELT LINE RD SUITE 100         PO BOX 55004                        BEDFORD OH 44146-1807
ADDISON TX 75001-4320               IRVINE CA 92619-5004




MEDPOST URGENT CARE                 MEDICAL BUSINESS BUREAU             MEDICAL EXPRESS
PO BOX 847760                       1460 RENAISSANCE DR 400             PO BOX 27044
DALLAS TX 75284-7760                PARK RIDGE IL 60068-1349            SALT LAKE CITY UT 84127-0044
```

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

```
METROPOLITAN ANESTHESIA CONSULTANTS      NTTA                                    NTTA
PO BOX 650823                            5900 WEST PLANO PKWY                    PO BOX 660244
DALLAS TX 75265-0823                     PLANO TX 75093-4695                     DALLAS TX 75266-0244




NORTH TEXAS PATHOLOGY ASSOCIATES         NORTH TEXAS TOLLWAY AUTHORITY           NORTHEAST METHODIST HOSPITAL
PO BOX 226                               5900 W PLANO PARKWAY                    PO BOX 406174
ROWLETT TX 75030-0226                    PLANO TX 75093-4695                     ATLANTA GA 30384-6174




ONE ADVANTAGE                            PMAB                                    PRA RECEIVABLES MANAGEMENT LLC
1232 W STATE RD                          PO BOX 12150                            PO BOX 41021
SUITE 2                                  CHARLOTTE NC 28220-2150                 NORFOLK VA 23541-1021
LA PORTE IN 46350




PRA RECEIVABLES MANAGMENT LLC            PORTFOLIO RECOVERY ASSOCIATES LLC       PRESBYTERIAN HOSPITAL DALLAS
PO BOX 41021                             PO BOX 41067                            8200 WALNUT HILL LANE
NORFOLK VA 23541-1021                    NORFOLK VA 23541-1067                   DALLAS TX 75231-4426




PROFESSIONAL ACCOUNT MANAGEMENT          QUEST DIAGNOSTICS                       QUEST DIAGNOSTICS
PO BOX 866608                            PO BOX 7306                             PO BOX 740779
PLANO TX 75086-6608                      HOLLISTER MO 65673-7306                 CINCINNATI OH 45274-0779




DEBTOR                                   MUNI RABAH                              RAY HUBBARD EMERG PHYSICIANS
FARIS RABAH                              2511 BUCKINGHAM DRIVE                   PO BOX 8097
2511 BUCKINGHAM DRIVE                    ROCKWALL TX 75032-6008                  PHILADELPHIA PA 19101-8097
ROCKWALL TX 75032-6008




RECEIVABLES PERFORMANCE MANAGEMENT       ROCKWALL URGENT CARE                    RUSHMORE LOAN MANAGEMENT
20816 44TH AVE W                         PO BOX 15605                            PO BOX 814529
LYNNWOOD WA 98036-7744                   LOVES PARK IL 61132-5605                DALLAS TX 75381-4529




RUSHMORE LOAN MANAGMENT                  SOUTHWEST RECOVERY                      SUDDEN LINK COMMUNICATION
15480 LAGUNA CANYON RD S                 15400 KNOLL TRAIL                       PO BOX 130489
IRVINE CA 92618-2132                     SUITE 300                               TYLER TX 75713-0489
                                         DALLAS TX 75248-3476




SYNTER RESOURCE GROUP                    T MOBILE                                T MOBILET MOBILE USA INC
5935 RIVERS AVE                          C O AMERICAN INFOSOURCE LP              BY AMERICAN INFOSOURCE LP AS AGENT
SUITE 102                                4515 N SANTA FE AVE                     4515 N SANTA FE AVE
CHARLESTON SC 29406-6071                 OKLAHOMA CITY OK 73118-7901             OKLAHOMA CITY OK 73118-7901
```

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

```
TXU ENERGY RETAIL COMPANY LP           TXU ENERGY RETAIL COMPANY LLC          TXUTEXAS ENERGY
CO BANKRUPTCY DEPARTMENT               CO BANKRUPTCY DEPARTMENT               TXUBANKRUPTCY
PO BOX 650393                          PO BOX 650393                          PO BOX 650393
DALLAS TX 75265-0393                   DALLAS TX 75265-0393                   DALLAS TX 75265-0393



TEXAS URGENT CARE                      US ATTORNEY GENERAL                    EXCLUDE
935 SHOTWELL RD                        DEPARTMENT OF JUSTICE
SUITE 108                              MAIN JUSTICE BUILDING                  US TRUSTEE
CLAYTON NC 27520-5598                  10TH  CONSTITUTION AVE NW              OFFICE OF THE US TRUSTEE
                                       WASHINGTON DC 20530-0001               110 N COLLEGE AVE
                                                                              SUITE 300
                                                                              TYLER TX 75702-7231



WELLINGTON RIDGE HOA                   WELLINGTON RIDGE MANOR HEATH HOA       WELLINGTON RIDGE MANOR HEATH HOA
CO RIDDLE AND WILLIAMS                 CO RIDDLE AND WILLIAMS                 RIDDLE  WILLIAMS PC
3710 RAWLINS STREET                    3811 TURTLE CREEK BLVD                 3710 RAWLINS STREET SUITE 1400
DALLAS TX 75219-4217                   SUITE 500                              DALLAS TX 75219-6432
                                       DALLAS TX 75219-4497



LANCE E WILLIAMS
RIDDLE  WILLIAMS PC
3811 TURTLE CREEK BLVD
SUITE 500
DALLAS TX 75219-4497
```